O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN CHAPPELL, COLBY BLACK, | Case No. CV 13-09536 DDP (FFMx) |
| Plaintiff, | **ORDER DISMISSING CASE FOR LACK OF PROSECUTION** |
| v. | |
| ASHLIE SHANLEY, in her individual capacity as Assistant District Attorney of Cabarrus County, NC, | |
| Defendants. | |

This Court issued an Order to Show Cause for why the case should not be dismissed for lack of prosecution on July 23, 2015. The Court warned that "[f]ailure to respond to the Court's Order may result in the dismissal of the action." (Dkt. No. 22.) Plaintiffs have not filed a responsive pleading, and Plaintiff Shaun Chappell's mail has been returned from the address on file with the Court since October 9, 2014.

Under Ninth Circuit precedent, a district court may dismiss a case for failing to follow local rules, such as failing to prosecute a case. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). The court must weigh five factors: "(1) the

1  public's interest in expeditious resolution of litigation; (2) the
2  court's need to manage its docket; (3) the risk of prejudice to the
3  defendants; (4) the public policy favoring disposition of cases on
4  their merits; and (5) the availability of less drastic sanctions."
5  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (affirming
6  a dismissal for lack of prosecution).

7      Here, the Court first notes that there is a strong public
8  interest in expeditious resolution of litigation, particularly
9  where the Plaintiff fails to prosecute a case and where a
10 governmental actor is the named Defendant.  Second, the Court needs
11 to manage its own docket and clear cases that have been abandoned.
12 Third, there is a risk of prejudice to Defendant because no action
13 has been taken in the case for an extended period of time and no
14 reason has been provided for that failure.  Fourth, public policy
15 does favor disposition of cases on their merits, which cuts against
16 dismissal.  However, for the fifth factor, the Court already took
17 the less drastic sanctions available, such as providing Plaintiffs
18 an opportunity to revive the case through the Order to Show Cause,
19 but Plaintiffs failed to take that opportunity.  Therefore, on
20 balance, the factors favor the Court dismissing the case.

21     The case is DISMISSED.

23 IT IS SO ORDERED.

26 Dated: 1/27/16

DEAN D. PREGERSON
United States District Judge